UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04711-WLH-AYP | Date | July 16, 2026 |
| Title | ***Tyler Abney v. Imerys Filtration Minerals, Inc., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [16]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). (Mot., Dkt. No. 16). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 10 at 16). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. For the reasons stated herein, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

On February 14, 2026, Plaintiff filed a putative class action against Defendant Imerys Filtration Minerals, Inc. ("Imerys") and DOES 1 to 100, inclusive (collectively, "Defendants") in the Superior Court of the State of California for the County of Santa Barbara. (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserts ten causes of action for: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime), (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums), (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums), (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Minimum Wages), (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid), (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment), (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements), (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records), (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses), and (10) Violation of California Business & Professions Code § 17200, et seq. (*See generally* Compl., Dkt. No. 4, Ex. A). The Summons and Complaint were served on April 3, 2026. (Notice ¶ 2).

On April 30, 2026, Imerys removed the action to this Court, stating that the Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. §§ 1332 et seq. (*Id*. at 3). In support of its removal, Imerys submitted a declaration of Lisa Lopez, a regional HR manager employed by Imerys, who reviewed the employee records and personnel files and declared the following:

> [Imerys] employed at least 247 non-exempt employees in the State of California between February 13, 2022, and April 21, 2026, of which at least 90 separated from their employment on or after February 13, 2023.
>
> [Imerys'] non-exempt employees in the State of California collectively worked over 29,186 workweeks between February 13, 2022, and April 21, 2026, during which time they were paid a combined average hourly rate of $32.92.

(Declaration of Lisa Lopez in Support of Notice of Removal ("Lopez Decl."), Dkt. No. 3).

On May 29, 2026, Plaintiff filed this instant Motion. (*See generally* Mot.). Imerys filed an Opposition, (Opp'n, Dkt. No. 19), and Plaintiff filed a response to that Opposition (Reply, Dkt. No. 24).

## II. LEGAL STANDARD

CAFA evinces "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transportation Servs.*, Inc., 28 F.4th 989, 993 (9th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). As such "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89. Still, a case may only be removed pursuant to CAFA when certain jurisdictional requirements are met. 28 U.S.C. § 1332(d).

Under the CAFA, federal courts have "jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000." *Lopez v. Advanced Drainage Sys., Inc.*, 777 F. Supp. 3d 1100, 1104 (N.D. Cal. 2025) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). The notice of removal "need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[D]efendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui*, 28 F.4th at 992 (citing *Dart Cherokee*, 574 U.S. at 87). However, "[w]hen a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (*Id*. (citing *Dart Cherokee*, 574 U.S. at 88)). A defendant "must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the

amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). A defendant's assumptions, however, "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

## III. DISCUSSION

Plaintiff filed the instant Motion, arguing that the case should be remanded because "[Imerys] amount in controversy allegations rest on speculative, unsupported assumptions" under the CAFA. (Mot. at 1). Plaintiff only contests the amount in controversy requirement, conceding the citizenship and class size requirements. (*See generally,* Mot.). Plaintiff argues that Imerys' amount in controversy calculations are not supported by competent evidence, because it relies "on layered assumptions, arbitrary violation rates, and unsupported extrapolations untethered to the allegations of the Complaint or any evidentiary foundation." (*Id*. at 5).

### A. Lopez Declaration

As an initial matter, Plaintiff's assertion that Imerys failed to provide competent and admissible evidence because it "only" submitted the Declaration of Lisa Lopez ("Lopez Declaration") is unavailing. *See Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 398 (9th Cir. 2010) (reversing the district court's denial of a motion to remand and holding that the defendant's declaration is sufficient evidence because plaintiff failed to present evidence to the contrary); *see also Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (holding "a declaration from a knowledgeable employee based on her analysis of regularly kept and created business records" to be sufficient); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (holding "that the evidence [d]efendant provides through [its

employee's] declaration is acceptable for purposes of determining the CAFA amount in controversy.").

Plaintiff has failed to present any evidence to the contrary that the requirements under the CAFA have not been satisfied. Plaintiff contends that the Lopez Declaration "lacks any supporting documentation and fails to establish Ms. Lopez's personal knowledge of the facts." (Mot. at 6). But "district courts have held that declarations without more were sufficient evidence in light of allegations made in the complaints." *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020). Thus, the Court finds that a declaration from a knowledgeable person, such as Lisa Lopez who is a regional HR manager, is competent evidence.

**B. Amount in Controversy Requirement**

The Court must next determine whether Imerys' assumptions justifying its amount in controversy estimates are reasonable—namely, the calculations of (1) unpaid overtime, (2) failure to provide meal periods and (3) failure to provide rest periods. Because Imerys' reasonable calculations of the damages stemming from these claims exceed the requisite amount in controversy after considering attorney's fees, the Court need not delve into the remaining assumptions.[1] The Court need only address Plaintiff's objections to the competency and reliability of Imerys' evidence supporting their Notice and the reasonableness of Imerys' unpaid Overtime and meal and rest break premiums violations.

**1. Assumptions Related to Unpaid Overtime**

California Labor Code § 1198 provides that:

[1] Imerys' amount in controversy calculations did not include the amounts for every claim. Specifically, Imerys only estimated the amounts in controversy for the first, second, third, and fifth claim, because these claims alone exceeded the requisite amount in controversy. Imerys did not estimate the amount in controversy for the remaining claims.

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

*See* Cal. Labor Code § 510. The Complaint alleges that "Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week." (Compl. ¶ 56). It further alleges that "[Imerys] intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members." (*Id.* ¶ 57). Imerys payroll records show that "non-exempt, hourly employees collectively worked over 29,186 workweeks during the Putative Class Period" and were "paid a combined average hourly rate of $32.93." (Notice ¶ 23). Imerys calculated the overtime rate of $49.39. (*Id.*). Imerys ascertained their unpaid overtime calculations by assuming that *at least* 30 minutes of overtime per week per putative class member went unpaid. (*Id.*).

The Court deems Imerys' assumptions as reasonable given that the Complaint alleges that class members "worked in excess of eight (8) hours in a day and/or forty (40) hours in a week." (Compl. ¶ 56); *see, e.g.*, *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("Where, as here, a proposed class includes all employees during the class period, and the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws that harmed each class member, such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week."). It therefore follows that an assumption of at least 30 minutes of unpaid per workday is properly "founded on the allegations of the complaint." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). "[A]ssumptions made part of the defendant's chain of reasoning need not be

proven." *Id.* Holding otherwise would require defendants to "prove [they] actually violated the law at the assumed rate" while simultaneously maintaining they did not commit the alleged violations. *Id.* Accordingly, the Court finds that Imerys has proven by a preponderance of the evidence that the assumption of an unpaid wage claim amount of $720,748 ($49.39 x .5 hour per week x 29,186) is in controversy.

**2. Assumptions Related to Meal and Rest Break Premiums**

California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period." The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes." Cal. Code Regs. tit. 8, § 11140 (2006). Employees must be provided rest breaks at the rate of ten minutes for every four hours—or major fraction thereof—worked. *Id.*

The Complaint alleges that the class members "were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." (Compl. ¶ 66). It also alleges that the Imerys had class members "work four (4) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period worked." (*Id.* ¶ 75). The Complaint further alleges that Imerys "intentionally and willfully" required the class members to work during mean and rest periods without compensation. (*Id.* ¶¶ 57, 67).

Plaintiff takes issue with Imery' assumption that each class member experienced two missed meal and rest periods in every workweek. (Mot. at 9). Imery argues that it

could have assumed a 100% violation rate because Plaintiff "alleges that meal and rest break violations occurred consistently and in accordance with company-wide policies and procedures," but instead, "conservatively used a violation rate of 2 missed meal and rest breaks each a week." (Opp'n at 12-13).

The Court agrees. "[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010). California district courts have routinely found allegations similar to the "consistent policy" alleged in here sufficient to justify a 100 percent violation rate assumption. *See e.g., Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding that allegations that the defendant "adopted and maintained uniform policies, practices, and procedures" justified assuming a 100 percent violation rate).

Imerys nevertheless applied a violation rate that is less than 100% to conservatively calculate the amount of $1,922,092 based on 29,186 employee workweeks x 2 meal period violations each workweek x $32.93 average rate as to the meal period violation. Using a similar calculation, Defendant Imerys also calculated a separate amount in controversy of $1,922,092 as to the rest period violation. (Notice ¶ 20). The Court finds that applying a conservative violation rate that is less than 100%, when it could have assumed 100%, to the meal and rest period claims reasonable and justified.

Because the amount in controversy associated with Plaintiff's unpaid overtime, meals and rest claims, including attorney's fees for these three claims, i.e., $5,706,165 ($720,748 + $1,922,092 + $1,922,092) x (1.25)),[2] exceeds CAFA's requirement of

[2] The Court finds that attorney's fees at the benchmark rate of 25% may be added to the assumptions expressly addressed in this Order, pushing the amount in controversy on these three

$5,000,000, the Court declines to scrutinize Imerys assumptions underlying Plaintiff's remaining claims and related damages. For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

claims above $5,000,000 on these three claims alone.